In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00121-CR

                                                ______________________________

 

 

                                        CORDELL MOODY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 276th
Judicial District Court

                                                            Marion County, Texas

                                                           Trial
Court No. F13527

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Cordell
Moody has filed a notice of appeal, received by this Court on June 30,
2010.  He states that he appeals from the
“finally judgment of the state district court of Jefferson, Tx. under number
F13527.  order of the judgment, dismissed
entered on about the 2nd day of June, 2010.” 
Following the notice of appeal, he has attached five more pages, which
wander through complaints about a slip and fall while in solitary confinement,
and his claimed need for a number of operations and medicine; a list of witnesses
who can presumably show that he was unlawfully convicted; a complaint about his
appointed attorney; the denial of access to a law library, and a list of
witnesses who can presumably show the denial of that access; a certificate of
service listing a number of individuals to whom the documents were sent; and
finally, an application to proceed as a pauper. 


            We contacted
the district clerk of Marion County in an attempt to determine the viability of
the notice of appeal.   There is no
recent judgment in this case.  It appears
that Moody was placed on community supervision in 2005 on a guilty plea and that
a motion to revoke his community supervision has recently been filed and
counsel has been appointed to represent Moody.  
If Moody is attempting to appeal from his conviction, the time periods
have long since run under which such an appeal could be brought.  See
Tex. R. App. P. 26.2.  

            As of this
date, no other action by a trial court from which an appeal could be brought
has been taken in this case.   In the
absence of any appealable order or judgment, we have no jurisdiction to
entertain this appeal.

 

            We dismiss
the appeal for want of jurisdiction.

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          July
7, 2010

Date Decided:             July
8, 2010

 

Do Not Publish           

 






ideograph;
line-height:200%'>            A late
notice of appeal is considered timely and thus invokes the appellate court’s
jurisdiction if (1) it is filed within fifteen days of the last day allowed for
filing, (2) a motion for extension of time is filed in the court of appeals
within fifteen days of the last day allowed for filing the notice of appeal,
and (3) the court of appeals grants the motion for extension of time.  Olivo
v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996).  Further, when a notice of appeal is filed
within the fifteen-day period but no timely motion for extension of time is
filed, the appellate court lacks jurisdiction. 
Id. (citing Rodarte v. State, 860 S.W.2d 108 (Tex.
Crim. App. 1993)).

            The Texas
Court of Criminal Appeals interprets Rule 26.3 of the Texas Rules of Appellate
Procedure to strictly require an appellant in a criminal case to file his or
her notice of appeal and a motion for extension within the fifteen-day period
for filing a late notice of appeal.  Id. at 522–26; see Tex. R. App. P.
26.3.  The Texas Court of Criminal
Appeals has expressly held that without a timely-filed notice of appeal or
motion for extension of time, we cannot exercise jurisdiction over an appeal.  See Olivo,
918 S.W.2d at 522; see also Slaton v.
State, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998).

            According to
Rule 26.2 of the Texas Rules of Appellate Procedure and the above caselaw, Dean
had thirty days after the day sentence was imposed to file a notice of appeal,
or timely file a motion for new trial and thereby extend his time to file a
notice of appeal.  See Tex. R. App. P.
21.4, 26.2(a)(1).  No motion for new
trial was filed.  Dean, therefore, had
until January 11, 2010,[1]
to file a notice of appeal.  Dean’s
notice of appeal was placed in the mail one day late, on January 12, 2010.[2]  Further, no motion for extension of time to
file the notice of appeal was filed. 
Hence, this appeal is untimely, and we are without jurisdiction to hear
this case.

            We
dismiss this appeal for want of jurisdiction.

 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          February
11, 2010       

Date Decided:             February
12, 2010

 

Do Not Publish











[1]The
thirtieth day, January 9, fell on a Saturday, thus extending Dean’s time until
the following Monday, January 11, 2010. 
Tex. R. App. P.  4.1.

 





[2]We
do note that Dean’s certificate of service notes that a copy of the notice of
appeal was hand delivered to the district attorney’s office January 11, 2010.  Delivery of the notice of appeal to the
district attorney does not constitute filing with the proper authority.  Tex.
R. App. P. 9.2.